## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZACHARY BIICHLE, by and through his guardian, ELAINE SCHLEE,** | : | **No. 4:24-CV-00181** |
| **Plaintiffs** | : | |
| | : | **Judge Wilson** |
| **v.** | : | |
| | : | |
| **DEPARTMENT OF HUMAN SERVICES OF THE COMMONWEALTH OF PENNSYLVANIA, VALERIE A. ARKOOSH, in her official capacity as Secretary of Department of Human Services, & JULIET MARSALA, in her official and individual capacities as the Deputy Secretary of the Office of Long-Term Living,** | : | **Electronically Filed Document** |
| | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants** | : | *Complaint Filed 01/31/2024* |

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO THE COMPLAINT (DOC. 1)

Defendants the Department of Human Services (Department), Secretary Arkoosh, and Deputy Secretary Marsala, through counsel, hereby file this Answer and Affirmative Defenses to the Complaint (Doc. 1) and aver as follows:

## I.    Introduction[1]

1.    This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

---

[1]    Defendants utilize Plaintiffs' headings for organizational purposes only and do not make any admissions herein regarding said organizational headings.

II.    **Jurisdiction and Venue**

2.      This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

3.      This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

4.      This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

III.    **Parties**

5.      It is ADMITTED only that Mr. Biichle, who is forty-one (41) years old as of the date of this Answer and Affirmative Defenses, and his mother Elaine Schlee filed the above-captioned matter. It is further admitted only that Mr. Biichle was in a motor vehicle accident in or about 2003 or 2004 which caused him to sustain a traumatic brain injury and spinal cord injury.  Any other factual averment made is DENIED.

6.      It is ADMITTED only that DHS is a Pennsylvania State administrative agency that implements Pennsylvania's Medical Assistance Program.  This paragraph also includes conclusions of law to which no response is required; to the extent that a response is required, DENIED.  Any other averment or legal conclusion is DENIED.

7.      It is ADMITTED only that Defendant Arkoosh is the current Secretary of DHS.  This paragraph also includes conclusions of law to which no response is

required; to the extent that a response is required, DENIED. Any other averment or legal conclusion is DENIED.

8.     It is ADMITTED only that Defendant Marsala is the current acting Deputy Secretary of the Office of Long-Term Living (OLTL).   It is further ADMITTED that OLTL is a subdivision of DHS that administers medical assistance programs that provide long-term services to older Pennsylvanians and adults with physical disabilities.  This paragraph also includes conclusions of law to which no response is required; to the extent that a response is required, DENIED. Any other averment or legal conclusion is DENIED.

## IV.   <u>Factual Background</u>

### A.     <u>Medical Assistance Background</u>

9.     This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

10.    It is ADMITTED only that "medical assistance" is defined by Title XIX of the Social Security Act, 42 U.S.C. § 1396d (Definitions).  Any other averment made is DENIED.

11.    It is ADMITTED only that this paragraph contains a partial quote from 42 U.S.C. § 1396-1. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

12.    ADMITTED.

13.     ADMITTED.

14.-25.  This paragraph contains conclusions of law to which no response is required;     to     the     extent     a     response     is     required,     DENIED.

**B.     Pennsylvania's Community HealthChoices Waiver**

26.     ADMITTED.

27.     It is ADMITTED only that a CHC Waiver is available to individuals aged 21-years and older who meet the eligibility criteria.  The remainder of this paragraph is DENIED.

28.     It is ADMITTED only that DHS is responsible for administering its CHC Waiver.  Any other averment made is DENIED.

29.     ADMITTED.

30.     DENIED.

31.     ADMITTED.

32.     ADMITTED.

33.     It is ADMITTED only insofar as to participants eligible for long term services and supports within the CHC Waiver.   Any other averment made is DENIED.

34.     ADMITTED.

35.     ADMITTED.

36.     ADMITTED.

37.     DENIED AS STATED.  The Person-Centered Service Planning process involves the individual receiving services and their person centered planning team, which may include any guardian, the service coordinator, and other persons identified by the individual receiving services.

38.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.

39.     DENIED.  There is no monetary cap for services that an individual may receive.  There is a monetary cap for the administration of the program.

40.     ADMITTED.

41.     DENIED AS STATED.  Residential Habilitation is defined within the CHC Waiver.  (CHC Waiver at page 86 (chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.dhs.pa.gov/HealthChoices/Documents/2023%20CHC%201915(c)%20Waiver%200386.R04.12.PDF).)

42.     DENIED AS STATED.  Residential Habilitation is defined within the CHC Waiver.  (CHC Waiver at page 86 (chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.dhs.pa.gov/HealthChoices/Documents/2023%20CHC%201915(c)%20Waiver%200386.R04.12.PDF).)

43.     DENIED AS STATED.  Residential Habilitation is defined within the CHC Waiver.  (CHC Waiver at page 86 (chrome-

extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.dhs.pa.gov/HealthChoic es/Documents/2023%20CHC%201915(c)%20Waiver%200386.R04.12.PDF).)

44.    ADMITTED.

45.    DENIED.  Further, Defendants are without knowledge or information to verify the allegation that rates are allegedly "inadequate," as such, all averments made are DENIED.

46.    DENIED.

47.    DENIED.

48.    DENIED.

49.    DENIED.

**C.    ICFs/ORC**

50.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.

51.    It is ADMITTED that Pennsylvania has chosen to provide Intermediate Care Facilities (ICF) for individuals with intellectual disability (IID).  Further, this paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.

52.-55. These paragraphs are conclusions of law to which no response is required; to the extent a response is required, DENIED.

56.   DENIED.  Further, this paragraph contains a conclusion of law to which no response is required.

57.   This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.

58.   This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.

59.   DENIED.  Further, this paragraph contains a legal conclusion to which no response is required.

60.   This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.

61.   ADMITTED.

62.   DENIED.

63.   This paragraph is a conclusion of law to which no response is required; to the extent a response is required, DENIED.

64.   DENIED.

65.   DENIED.

66.   DENIED.

67.   DENIED.

68.   Defendant lacks sufficient knowledge or information to verify the veracity of the allegations in this paragraph, therefore, all averments are DENIED.

69.     DENIED.

70.     DENIED.

71.     Defendant lacks sufficient knowledge or information to verify the veracity of the allegations in this paragraph, therefore, all averments are DENIED.

72.     It is ADMITTED only that ICF's have 24-hour staffing.  Any other averment made is DENIED.

73.     ADMITTED IN PART, DENIED IN PART.  It is ADMITTED only that ICF/ORCs are defined at 55 Pa. Code, Chapter 6210.  Any other averment made is DENIED.

74.     ADMITTED.

75.     DENIED.

76.     DENIED.

77.     DENIED.

**D.    Mr. Biichle's Need for Services**

78.     ADMITTED.

79.     On information and belief, it is ADMITTED only that it was previously reported to Mr. Biichle's service coordinator that Mr. Biichle reported was in a motor vehicle accident in or about 2003 or 2004 which caused him to sustain a traumatic brain injury and spinal cord injury. Any other averment made is DENIED.

80.    It is ADMITTED only that it was previously reported to his service coordinator that Mr. Biichle chooses and prefers to utilize a manual wheelchair for ambulation but also has the ability to utilize a walker for ambulation purposes. Defendants are without knowledge or information to verify the remaining averments, therefore, all other averments made are DENIED.

81.    DENIED.  Defendants are without knowledge or information to verify the averments within this paragraph, therefore, all averments made are DENIED.

82.    DENIED.  Defendants are without knowledge or information to verify the averments within this paragraph, therefore, all averments made are DENIED.

83.    DENIED.  This paragraph contains a conclusion of law to which no response is required; to the extent a response is required, DENIED.

84.    DENIED.   Defendants are without knowledge or information to verify the averments within this paragraph, therefore, all averments made are DENIED.

85.    It is ADMITTED only that Mr. Biichle has reported that he requires assistance with activities of daily living.   Further, this paragraph contains a conclusion of law to which no response is required; to the extent a response is required, DENIED.

86.    This paragraph contains a conclusion of law to which no response is required; to the extent a response is required, DENIED.

87.    ADMITTED.

88.   ADMITTED.

89.   ADMITTED.

90.   ADMITTED.

91.   It is ADMITTED only that Mr. Biichle reported his desire to live independently to his service coordinator.   Any other facts averred within this paragraph are DENIED.

92.   It is ADMITTED only that Mr. Biichle and his Mother met with his service coordinator in January 2020 and developed a goal that Mr. Biichle would attend a day program a few days a week and meet other people his age to develop friendships.  Any other fact alleged is DENIED.

93.   DENIED.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

94.   It is ADMITTED only that Ms. Schlee previously communicated to Mr. Biichle's service coordinator the desire to move out Mr. Biichle out of his parents' house.  Defendants are without knowledge or information to verify the veracity of the other averments asserted within this paragraph, therefore, all other averments made are DENIED.

95.   ADMITTED.

96.     Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

97.     ADMITTED.

98.     ADMITTED.

99.     It is ADMITTED that Ms. Schlee reported the contents of this paragraph to Mr. Biichle's service coordinator.  Ms. Schlee also reported that Mr. Biichle chased his dad with a knife before Mr. Biichle was transported to the hospital for his safety. Any other factual averments asserted are DENIED.

100.    It is ADMITTED only that Ms. Schlee reported to Mr. Biichle's service coordinator the contents of this paragraph.  Any other factual averments asserted are DENIED.

101.    It is ADMITTED only that Ms. Schlee reported to Mr. Biichle's service coordinator that she submitted an application for Mr. Biichle with Success Rehabilitation in Quakertown.

102.    It is ADMITTED only that Ms. Schlee reported to Mr. Biichle's service coordinator that there were no beds available at Success Rehabilitation in Quakertown for Mr. Biichle.  Any other factual averments asserted are DENIED.

103.    It is ADMITTED only that following Mr. Biichle yelling outside of his home that his parents were shooting him and trying to kill him that he was admitted

to Geisinger Hospital in Danville, Pennsylvania, and then East End Behavioral Health Hospital, under both Section 302 and Section 303 of the Mental Health Procedures Act in September 2022.  Any other factual averments asserted are DENIED.

104.   It is ADMITTED only that Mr. Biichle's case workworker at East End Behavioral Health Hospital reported to Mr. Biichle's service coordinator that he spoke with a social worker at Successful Rehabilitation in Quakertown who informed him that there was a long wait time for a bed and that Mr. Biichle still needed an assessment to be completed.  Any other factual averments asserted are DENIED.

105.   It is ADMITTED only that Mr. Biichle's case workworker at East End Behavioral Health Hospital reported to Mr. Biichle's service coordinator the contents of this paragraph.  Any other factual averments asserted are DENIED.

106.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

107.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

108.   It is ADMITTED only that Ms. Schlee reported to Mr. Biichle's service coordinator that he was transferred from East End Behavorial Health Hospital to

Brighton Rehabilitation and Wellness Center on November 5, 2022.  Any other factual averments asserted are DENIED.

109.   It is ADMITTED only that Ms. Schlee reported to Mr. Biichle's service coordinator that she was picking up Mr. Biichle from Brighton Rehabilitation and Wellness Center on December 7, 2022, because she determined that it is "not the best place" for Mr. Biichle.  Any other factual averments asserted are DENIED.

110.   ADMITTED.

111.   DENIED AS STATED.   Mr. Biichle received Personal Assistance Services and service coordination and maintained a goal with his service coordinator that he would attend day programs several days of the week.  Defendants are without knowledge or information to verify whether or not Mr. Biichle followed through with his goal to attend any day program, therefore, the remainder of this paragraph is DENIED.

112.   It is ADMITTED only that Mr. Biichle and Ms. Schlee expressed the desire for Mr. Biichle to live independently.  Any other factual averments asserted are DENIED.

113.   It is ADMITTED that Mr. Biichle's December 15, 2022 Person-Centered Service Plan is a document which speaks for itself.

114.   It is ADMITTED that Mr. Biichle's December 15, 2022 Person-Centered Service Plan is a document which speaks for itself.

115.   DENIED.  Further, this paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

116.   It is ADMITTED only that Ms. Schlee reported to Mr. Biichle's service coordinator the contents of this paragraph.  Any other factual averments asserted are DENIED.

117.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

118.   ADMITTED.

119.   ADMITTED.

120.   ADMITTED.

121.   ADMITTED.  It is further ADMITTED that, on information and belief, Mr. Biichle's service coordinator provided assistance Ms. Schlee with questions pertaining to this application.

122.   It is ADMITTED that Mr. Biichle's May 10, 2023 Person-Centered Service Plan is a document which speaks for itself.

123.   ADMITTED.   By way of further response Mr. Biichle's service coordinator was involved with and communicated with Ms. Schlee regarding this process described within this paragraph.

124.   DENIED.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

125.   DENIED.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

126.   DENIED.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

127.   It is ADMITTED that it was reported to the service coordinator that Mr. Biichle's application to Universal Institute was denied because of Mr. Biichle's fixation that people have shot him and are trying to kill him and because Mr. Biichle's outbursts made staff and other residents uncomfortable.  It was reported to the service coordinator that Mr. Biichle was "unfit" for Universal Institute.

128.   DENIED.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

129.   It is ADMITTED that Ms. Schlee reported to the service coordinator that she reached out to other providers.  It is further ADMITTED that the service coordinator also reached out to other providers for Mr. Biichle.

130.   ADMITTED.

131.   It is ADMITTED that Mr. Biichle still lives at his parents' house.  All other factual averments made are DENIED.

132.   It is ADMITTED only that Mr. Biichle's services received can be found in his Individual Service Plan, which is a documents that speak for themselves.  Any other fact averred is DENIED.

133.   It is ADMITTED only that Mr. Biichle's attorney, Tracey Rhodes, inquired about additional community resources and that the service coordinator stated that she would follow up on that inquiry and keep Ms. Rhodes and Ms. Schlee updated. Any other averment made is DENIED.

134.   It is ADMITTED as of the date of this Answer and Affirmative Defenses Mr. Biichle is still living in his parents' home.  Any other averment made is DENIED.

135.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

136.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

137.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

138.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

139.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

140.   DENIED.   This paragraph contains requests for relief to which no response is required; to the extent a response is required, DENIED.

141.   This paragraph contains requests for relief to which no response is required; to the extent a response is required, DENIED.

142.   This paragraph contains requests for relief to which no response is required; to the extent a response is required, DENIED.

143.   This paragraph contains requests for relief to which no response is required; to the extent a response is required, DENIED.

144.   It is ADMITTED that Mr. Biichle receives care from his parents and grandmother.  Defendants are without knowledge or information to verify the ages of his parents and grandmother, therefore, all other averments made are DENIED.

145.  This paragraph contains requests for relief to which no response is required; to the extent a response is required, DENIED.

146.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

147.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

148.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

149.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

150.  It is ADMITTED that Mr. Biichle was hospitalized in July 2022 and September 2022.  Defendants EXPLICITLY DENY that Mr. Biichle's hospitalizations were caused by any action or alleged action of Defendants.

151.  It is ADMITTED only that Mr. Biichle was placed at Brighton Rehabilitation and Wellness Center in September 2022. Defendants are without

knowledge or information to verify the veracity of the other averments asserted within this paragraph, therefore, all other averments made are DENIED.

152.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

153.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

**V.**     **Claims**

**A.**     **Count I: Violations of Title II of the Americans with Disabilities Act**

154.   All DENIALS and responses in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

155.   This paragraph contains conclusions of law and requests for relief to which no response is required; to the extent a response is required, DENIED.

156.   This paragraph contains legal conclusions and requests for relief to which no response is required; to the extent a response is required, DENIED.

157.   This paragraph contains requests for relief to which no response is required; to the extent a response is required, DENIED.

158.   This paragraph contains requests for relief to which no response is required; to the extent a response is required, DENIED.

159.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

160.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

161.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

162.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

163.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

164.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

165.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

166.   It is ADMITTED only that Mr. Biichle expressed a desire to move out of his parents' house to his service coordinator.   Any other allegation asserted is DENIED.

167.   It is ADMITTED only that Mr. Biichle expressed a desire to move out of his parents' house to his service coordinator.   Any other allegation asserted is DENIED.

168.   This paragraph is a legal conclusion to which no response is required; to the extent a response is required, DENIED.

169.   It is ADMITTED only that no service provider has been located that is able and equipped to offer residential habilitation services to Mr. Biichle. Any other factual averments made are DENIED.

170.   It is ADMITTED only that no service provider has been located that is able and equipped to offer residential habilitation services to Mr. Biichle. Any other factual averments made are DENIED.

171.   It is ADMITTED only that no ICF/ORC has been located that is able and equipped to offer services to Mr. Biichle. Any other factual averments made are DENIED.

172.   DENIED.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

173.   DENIED. Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

174.   DENIED. Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

175.   DENIED. This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

176.   Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

177.   ADMITTED.

178.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

179.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

180.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

181.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

182.   DENIED.  Further, this paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

183.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

184.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

**B.**      **Count II:  Violations of Section 504 of the Rehabilitation Act**

185.   All   DENIALS   and   responses   in   the   foregoing   paragraphs   are incorporated by reference as if set forth at length herein.

186.   This paragraph contains conclusions of law and requests for relief to which no response is required; to the extent a response is required, DENIED.

187.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

188.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

189.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

190.   It is ADMITTED only that DHS receives matching funds from the Federal Government.  Any other averment made is a legal conclusion to which no response is required.

191.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

192.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

193.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

194.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

195.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

196.   DENIED.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

197.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

198.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

C.   **Count III:   Violations of 42 U.S.C. § 1983 and Title XIX – Residential Habilitation**

199.   All DENIALS and responses in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

200.   This paragraph contains conclusions of law and requests for relief to which no response is required; to the extent a response is required, DENIED.

201.   This paragraph contains conclusions of law and requests for relief to which no response is required; to the extent a response is required, DENIED.

202.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

203.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

204.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

205.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

206.   ADMITTED.

207.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

208.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

209.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

210.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

211.   DENIED.  This paragraph is a legal conclusion to which no response is required.

212.   It is ADMITTED only that Mr. Biichle still lives in his parents' house. All remaining factual averments made are DENIED.

213.  This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

214.  This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

215.  DENIED.  This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

216.  This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

   **D.   Count IV:  Violations of 42 U.S.C. § 1983 and Title XIX – ICF/ORC Services**

217.  All DENIALS and responses in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

218.  This paragraph contains conclusions of law and requests for relief to which no response is required; to the extent a response is required, DENIED.

219.  This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

220.  This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

221.  DENIED.  Further, this paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

222.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

223.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

224.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

225.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

226.   It is ADMITTED only that there are currently two ICF/ORC's in Pennsylvania.  Any other facts or characterizations averred are DENIED.

227.   DENIED.

228.   DENIED.  Defendants are without knowledge or information to verify the veracity of the averments asserted within this paragraph, therefore, all averments made are DENIED.

229.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

230.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

231.   DENIED.

232.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

233.   DENIED.

234.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

235.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

236.   DENIED.

237.   This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

**VI.**   **Relief Requested**

238.   This paragraph, and its subparagraphs (a.)-(f.), contain requests for relief to which no response is required; to the extent a response is required, DENIED.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS asserted above, Defendants assert the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint may fail to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs may not be entitled to some or all of the relief they seek.

## THIRD AFFIRMATIVE DEFENSE

Defendants are immune from liability by virtue of absolute, qualified, official, governmental, state sovereign, Eleventh Amendment and/or any other immunity.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have complied with its current Olmstead Plan.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert the fundamental alteration defense.

## SIXTH AFFIRMATIVE DEFENSE

Defendants may not be personally involved in the actions described in the complaint as required under 42 U.S.C. § 1983.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants have no enforcement mechanism to require private providers either to create new services or to receive any given individual or patient.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to exhaust their State administrative remedies prior to filing suit.

## <u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs claims may be barred by the applicable statute of limitations.

Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

WHEREFORE, Defendants respectfully request that the Court enter judgment in its favor and against Plaintiffs, together with attorneys' fees, costs, and any other relief the Court deems appropriate.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

**By:**   *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
**Deputy Attorney General**
**Attorney ID #328843**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6315**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

myarish@attorneygeneral.gov

**Date:   March 27, 2024**

*Counsel for Defendants DHS, Arkoosh, and Marsala*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZACHARY BIICHLE, by and through his guardian, ELAINE SCHLEE,** | : | **No. 4:24-CV-00181** |
| **Plaintiffs** | : | |
| | : | **Judge Wilson** |
| **v.** | : | |
| | : | |
| **DEPARTMENT OF HUMAN SERVICES OF THE COMMONWEALTH OF PENNSYLVANIA, VALERIE A. ARKOOSH, in her official capacity as Secretary of Department of Human Services, & JULIET MARSALA, in her official and individual capacities as the Deputy Secretary of the Office of Long-Term Living,** | : | **Electronically Filed Document** |
| | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants** | : | *Complaint Filed 01/31/2024* |

<u>**CERTIFICATE OF SERVICE**</u>

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth

of Pennsylvania, Office of Attorney General, hereby certify that on March 27,

2024, I caused to be served a true and correct copy of the foregoing document

titled Defendants' Answer and Affirmative Defenses to the Complaint (Doc. 1) to:

**VIA ECF**
Tracy Rhodes, Esq.
Christina Drzal, Esq.
Disability Rights Pennsylvania
1800 John F. Kennedy Boulevard, Ste. 900
Philadelphia, PA  19103
(717) 803-3376
trhodes@disabilityrightspa.org
cdrzal@disabilityrightspa.org
*Counsel for Plaintiffs*

                                        *s/ Mary Katherine Yarish*
                                        **MARY KATHERINE YARISH**
                                        Deputy Attorney General